UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLARENCE MCKINNEY,

                     Plaintiff,

v.                                  Case No. 3:10-cv-500-J-34TEM

RICHARD VARRONE,

                     Defendant.
_____

## ORDER

### I. Status

Plaintiff Clarence McKinney, who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) under 42 U.S.C. § 1983 on June 4, 2010, pursuant to the mailbox rule. In support of his Complaint, Plaintiff attached a memorandum and submitted numerous exhibits (P. Ex.). Plaintiff names Richard Varrone, an orthotist and braces specialist, as the only Defendant and claims that Varrone was deliberately indifferent to his medical needs by designing defective medical leg braces and shoes that caused Plaintiff prolonged pain and suffering. As relief, Plaintiff requests declaratory and injunctive relief as well as monetary damages. Memorandum at 1, 10.

Defendant Varrone filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon Which Relief Can Be Granted and for Insufficient Service of Process (Motion to Dismiss) (Doc. #6). Plaintiff responded on July 21, 2010. See Plaintiff's Response to Defendant's Motion to Dismiss (Response) (Doc. #7). On October 29, 2010, this Court entered an Order (Doc. #11), admonishing Plaintiff regarding his obligations and giving Plaintiff a time frame in which to submit a supplemental response. Plaintiff filed a Supplemental Response to Defendant's Motion to Dismiss (Supplemental Response) (Doc. #13) on November 22, 2010. The Motion to Dismiss is ripe for review.

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."

Id. (citing Twombly, 550 U.S. at 555).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

### III. Plaintiff's Allegations and Claims

In the Complaint and the attached exhibits, Plaintiff presents the following facts. On July 14, 2005, Defendant Varrone, the orthotist[1] at the Reception and Medical Center (RMC), issued special medical shoes to Plaintiff; the reason given for the issuance was a "neurological problem." Memorandum at 2; P. Ex. 1, Acknowledgment Receipt of Special Shoes. Plaintiff told Varrone, that his left leg is shorter than his right leg, and Varrone told Plaintiff that the special boots would address the medical issue. Memorandum at 2. On September 7, 2005, Plaintiff sent an inmate request to the medical department, complaining about lower back pain and requesting leg braces and a leverage on the shoes. Id.;

---

[1] An orthotist specializes in planning, making, and fitting orthopedic braces and similar devices such as surgical supports and corrective shoes.

3

P. Ex. 2. In response to Plaintiff's complaint, Plaintiff was sent back to RMC, where, on September 22, 2005, Defendant Varrone issued him new plastic braces for both legs and shoe adjustments. Memorandum at 2; P. Ex. 3, Acknowledgment Receipt of Special Shoes.

On September 23, 2005, Plaintiff went to sick call due to the leg braces rubbing skin off his legs and for adjustment of his shoes. Memorandum at 2; P. Ex. 4. On October 13, 2005, after Plaintiff complained again, RMC issued boots with a leverage for fitting the leg braces. Memorandum at 2; P. Ex. 5, Acknowledgment Receipt of Special Shoes. The institution also permitted Plaintiff to keep the other boots "as a backup set of shoes." P. Ex. 5.

On October 18, 2005, Plaintiff sent an inmate request to the medical department at Okaloosa Correctional Institution, where he had been transferred, complaining that the leverage was too high in the special shoes. Memorandum at 3; P. Ex. 6. In response to the grievance, the medical department advised Plaintiff to go to sick call. P. Ex. 6. On January 19, 2006, Varrone took the braces from Plaintiff to make the necessary adjustments. Memorandum at 3; P. Ex. 7. In early February 2006, Plaintiff went back to the brace clinic at RMC and received the adjusted braces. Memorandum at 4; P. Exs. 7; 8.

After complaining again about the fit of the braces, Plaintiff was sent back to RMC on March 2, 2006, for adjustments of the braces. Memorandum at 5; P. Ex. 8. Plaintiff went back to sick

4

call on March 3, 2006, complaining about swelling of his heels and sore legs due to the braces.  Memorandum at 5; P. Ex. 9.  He was given an antibiotic ointment and ibuprofen for pain and prevention of infection.  Memorandum at 5.

On March 15, 2006, Plaintiff sent an inmate request to the medical department, complaining about the braces and the continuing back pain.  Id.; P. Ex. 10.  The medical department advised him to go to sick call, see P. Ex. 10; he submitted a sick call request, stating that he needed "proper fitting leg braces" on March 15th.  P. Ex. 11.  On March 19, 2006, Plaintiff sent a request for administrative remedy or appeal to the Warden concerning the "defective leg braces" and the pain resulting from the fitting.  Memorandum at 5.  On April 4, 2006, Dr. Schwartz, M.D., the Chief Health Officer, responded: "You have a scheduled appointment at the brace clinic to have your problems addressed."  P. Ex. 12.

Plaintiff wrote a letter to Varrone on March 21, 2006, threatening a lawsuit if Varrone did not properly fit the braces.  Memorandum at 6; P. Ex. 13, Letter, dated March 21, 2006.  Plaintiff was again seen in April 2006 for further adjustments.  P. Exs. 12; 14.  Plaintiff's request for administrative remedy or appeal to the Secretary of the Department of Corrections was denied on July 26, 2006, based upon a determination that the response by Dr. Schwartz on April 4, 2006, appropriately addressed the medical issues.  P. Ex. 14.

## **IV. Law and Conclusions**

### **A. Statute of Limitations**

Defendant Varrone contends that Plaintiff's claims should be dismissed as time barred under the four-year statute of limitations.  Motion to Dismiss at 3-4.  Specifically, Varrone argues that Plaintiff knew of his injuries and who he believed inflicted those injuries by March 21, 2006, when Plaintiff wrote a letter to Varrone threatening him with a lawsuit (see P. Ex. 13), and therefore, Plaintiff was required to file his Complaint no later than March 21, 2010.  Motion to Dismiss at 4.  In response, Plaintiff states that the Secretary of the Department of Corrections did not respond to his appeal until July 26, 2006 (see P. Ex. 14), and since those facts in the appeal were needed to help support his claims, the four-year statute of limitations would have expired July 26, 2010, not March 21, 2010, as Varrone argues.  Response at 5; Supplemental Response at 2-3.

The Eleventh Circuit has stated:

> A plaintiff must commence a § 1983 claim arising in Florida within four years of when the cause of action accrues.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).  Federal law determines the date on which the cause of action accrues and the statute of limitations begins to run, and the statute of limitations for a § 1983 action begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (quotation omitted).

6

Brown v. City of Miami, No. 09-13861, 2010 WL 2712130, at *1 (11th Cir. July 9, 2010) (per curiam) (not selected for publication in the Federal Reporter).

Plaintiff's claims are subject to a four-year statute of limitations. Plaintiff's contention that the facts of the July 26, 2006 appeal were needed to help support his claims is unavailing since Plaintiff knew the facts giving rise to his claims and the individual allegedly responsible at the time he wrote the letter to Varrone on March 21, 2006. However, Plaintiff also appears to suggest that he could not properly file his Complaint in this Court until he had completed the prison's administrative grievance procedure. See Supplemental Response at 3. While the Eleventh Circuit has not yet decided the issue of whether the mandatory exhaustion requirement of 42 U.S.C § 1997e and the actual exhaustion of available remedies by a prisoner will operate to toll the statute of limitations, the Court has suggested that the doctrine of equitable tolling may be applicable. See Napier v. Preslicka, 314 F.3d 528, 534 n.3 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001). Thus, based on these specific facts, this Court will assume arguendo that Plaintiff's Complaint, filed June 4, 2010, was timely filed.

## B. Eighth Amendment

Defendant Varrone also contends that Plaintiff has failed to allege facts sufficient to state a claim under the Eighth Amendment.  See Motion to Dismiss at 4-6.  The Eleventh Circuit recently addressed the analysis for a medical treatment claim.[2]

> To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). A "serious medical need" is one that "if left unattended, poses a substantial risk of serious harm" and can be either: (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"; or (2) one where "a delay in treating the need worsens the condition." Id. at 1307 (quotation marks omitted); see also Danley v. Allen, 540 F.3d 1298, 1310-11 (11th Cir. 2008). Although not all pain constitutes a serious medical need, failing to treat pain can violate the Fourteenth Amendment. Danley, 540 F.3d at 1311.
>
> To prove the requisite intent, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than

---

[2] Plaintiff claims that Defendant violated his Fourteenth and Eighth Amendment rights.  Plaintiff's medical treatment claim is properly brought under the Eighth Amendment since he is a convicted prisoner, not a pretrial detainee.  "[T]he deliberate indifference analysis is the same under either amendment."  See Duff v. Steub, 378 Fed.Appx. 868, 871 n.4 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter).

      gross negligence."[3]  Id. at 1312 (quotation
      marks and brackets omitted) . . . .

Duff v. Steub, 378 Fed.Appx. 868, 870-71 (11th Cir. 2010) (per curiam) (footnote omitted) (not selected for publication in the Federal Reporter).

    While Plaintiff claims that Defendant Varrone intentionally provided him with improper and/or defective leg braces and shoes, the facts as alleged in the Complaint and as reflected in the exhibits attached to the Complaint negate that claim.  Plaintiff's allegations show that Plaintiff was unhappy with the adjustments undertaken by Varrone.  Undoubtedly, Plaintiff was not satisfied with the fittings or the adjustments to the leg braces and the shoes.  While Plaintiff's allegations may suggest medical malpractice, "[accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'"  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    Plaintiff's chronology of medical care reflects that he received follow-up adjustments after each one of his complaints.

---

[3] See Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010) (stating that, after Farmer v. Brennan, 511 U.S. 825 (1994), a claim of deliberate indifference requires proof of more than gross negligence).

Further, his sick call requests resulted in timely visits to the medical department.  Any allegations concerning a difference of opinion between Defendant Varrone and Plaintiff about the best course of treatment for Plaintiff will not support a claim of cruel and unusual punishment.  See Palazon v. Sec'y for the Dep't of Corr., 361 Fed.Appx. 88, 89 (11th Cir. 2010) (per curiam) (not selected for publication in the Federal Reporter).  The care that Plaintiff received was adequate and certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Id. (quotation and citation omitted).

Here, Plaintiff's allegations center upon carelessness and inadequate treatment options.  Plaintiff has not alleged facts supporting a claim that Defendant Varrone acted with deliberate indifference to Plaintiff's serious medical needs.  Therefore, Defendant's Motion to Dismiss will be granted for Plaintiff's failure to state a claim upon which relief can be granted.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant Varrone's Motion to Dismiss (Doc. #6) is **PARTIALLY GRANTED** for Plaintiff's failure to state a claim upon which relief can be granted.  The remaining portions of the Motion to Dismiss are **DENIED.**

2.	The Clerk of Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December, 2010.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 12/1
c:
Clarence McKinney
Counsel of Record